# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-

Case Nos.  6:05-mc-168-Orl-31JGG
and 05-1117-02

ELECTRONIC INFORMATION at YAHOO,
INC., 701 First Avenue, Sunnyvale, California

## ORDER

The undersigned initially denied issuance of an out-of-district search warrant seeking electronic information, including the content of electronic communications and e-mails, that reside on a Yahoo server in California. The November 30, 2005 denial order relied on *In re Search Warrant*, 362 F. Supp.2d 1298 (M.D. Fla. Dec. 16, 2003). Based on the reversal and remand order of December 23, 2005 [Docket No. S-4], this Court issued the requested search warrant on January 4, 2006. Two days later, Yahoo employees in Yahoo's Compliance Unit in California downloaded some or all of the server's content onto a CD, and mailed the CD to Special Agent Anthony Wash, Immigration and Customs Enforcement ["BICE"], in Orlando, Florida.

Rule 41 (f) requires that the officer executing the warrant must enter on its face the exact date and time it is executed, and that "[a]n officer present during the execution of the warrant must prepare and verify an inventory of any property seized." Fed. R. Crim. P. 41 (f)(1) and (2). Agent Wash returned the search warrant under oath before the undersigned on January 24, 2006, and included a very brief inventory of the CD. Agent Wash certified that "INVENTORY MADE IN PRESENCE OF Yahoo Compliance Unit." Agent Wash, however, concedes that no federal law enforcement



officer was present with the Yahoo Compliance Unit in Sunnyvale, California when the Compliance Unit executed the search warrant — *i.e.*, at 1600 hours on January 6, 2006. *See* Return of Search Warrant, top box. According to Agent Wash: 1.) BICE has no written search protocol for searching the CD; 2.) BICE intends to continue searching the CD past the January 13, 2006 search date authorized by the search warrant; and 3.) BICE intends to use information found on the CD to prosecute individuals who attempted to log into the target web site in whatever jurisdiction they may be found.

Rule 41 (i), Fed. R. Crim. P., requires the magistrate judge to whom the warrant is returned to "attach to the warrant a copy of the return, of the inventory, and of all other related papers and must deliver them to the clerk in the district where the property was seized." Rule 41 (i) makes papers supporting the issuance of a search warrant more available to persons affected by the seizure after the seal is lifted. Indeed, for a target who may wish to seek the suppression of evidence based on the "fruit of the poisonous tree," such papers may be "material to preparing the defense" and therefore discoverable within the meaning of Fed. R. Crim. P. 16 (a)(1)(E)(i). In this case, the property was seized in Sunnyvale, California, in the Northern District of California, San Jose Division. It is therefore

**ORDERED** that the Clerk shall consolidate Magistrate Judge Case No. 05-1117-02 and District Court Miscellaneous Case No. 6:05-mc-168-Orl-31JGG. It is

**FURTHER ORDERED** that the Clerk shall file the return and inventory bearing Agent Wash's certification, together with this order, in the consolidated file. It is


**FURTHER ORDERED** that the Clerk shall deliver a copy of the consolidated file to the Clerk of the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113, as required by Fed. R. Crim. P. 41 (i).

**DONE** and **ORDERED** in Orlando, Florida on this 24th day of January, 2006.

_____
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

cc: AUSA Cynthia Hawkins